IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re DAVID T. EVANS, C-92387,   )   No. C 12-3188 CRB (PR)
             Plaintiff.          )   ORDER OF DISMISSAL

Plaintiff, a prisoner at Avenal State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 seeking relief for allegedly unlawful deprivation of property at San Quentin State Prison.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 US 42, 48 (1988).

B. <u>Legal Claims</u>

A negligent or intentional deprivation of a state prisoner's property fails to state a due process claim under § 1983 if the state has an adequate post-deprivation remedy. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). California Law provides such an adequate post-deprivation remedy for deprivations of property. <u>See</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff's allegations fail to state a claim cognizable under § 1983. <u>See</u> <u>id.</u> at 817.[1]

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: June 22, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Evans, D.12-3188.dismissal.wpd

---

[1] A prisoner is not protected by the Fourth Amendment against the seizure, destruction or conversion of his property. <u>See</u> <u>Taylor v. Knapp</u>, 871 F.2d 803, 806 (9th Cir. 1989).

2